UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., d/b/a RevelHMI,<br><br>    Plaintiff,<br><br>  v.<br><br>NINTENDO CO., LTD.,<br><br>    Defendant. | Case No.  2:25-cv-00090<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST NINTENDO CO., LTD.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Resonant Systems, Inc., doing business as RevelHMI ("Plaintiff" or "RevelHMI") makes the following allegations against Defendant Nintendo Co., Ltd. ("Defendant" or "Nintendo"):

**INTRODUCTION**

1. This complaint arises from Nintendo's unlawful infringement of United States Patent No. 8,860,337 (the "'337 Patent" or "Asserted Patent"), owned by Plaintiff, which relates to improvements in haptic feedback devices.

**PARTIES**

2. Plaintiff is a corporation organized and existing under the laws of the state of Washington, with a place of business at 520 South King Street, Seattle, Washington 98104. Plaintiff is the sole owner by assignment of all right, title, and interest in the Asserted Patent, including the right to recover damages for past, present, and future infringement.

3.     On information and belief, Defendant Nintendo Co., Ltd. is a publicly traded corporation organized under the laws of Japan, with its principal place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto 601-8501, Japan.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Nintendo in this action because Nintendo has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Nintendo would not offend traditional notions of fair play and substantial justice. Nintendo, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent, and inducing others to do the same.

6.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Nintendo is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,860,337

7.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,860,337, entitled

"Linear vibration modules and linear-resonant vibration modules." The '337 Patent was duly and legally issued by the United States Patent and Trademark Office on October 14, 2014.

9. On information and belief, Nintendo makes, uses, offers for sale, sells, and/or imports certain products with linear vibration motor technology, including without limitation the Nintendo Switch (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '337 Patent. The Accused Products satisfy all claim limitations of one or more claims of the '337 Patent. A claim chart comparing exemplary independent claim 2 of the '337 Patent to representative Accused Products is attached as Exhibit 1.

10. Nintendo also knowingly and intentionally induces infringement of one or more claims of the '337 Patent in violation of 35 U.S.C. §271 (b). Through pre-filing communications from Plaintiff, and through at least the filing and service of this Complaint, Nintendo has had knowledge of the '337 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '337 Patent, Nintendo continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct its subsidiaries, customers, and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '337 Patent. Nintendo does so knowing and intending that these companies will commit these infringing acts.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Nintendo has injured Plaintiff and is liable for infringement of the '337 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Nintendo's infringement of the '337 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Nintendo's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Nintendo, together with interest and costs as fixed by the Court.

13. Nintendo's acts of infringement were undertaken with knowledge of the '337 Patent and knowledge of the infringing nature of the Accused Products and were undertaken after rejecting Plaintiff's attempts to license its technology in good faith. Nintendo's infringement of the '337 Patent was willful, deliberate, and unreasonable, justifying an award of enhanced damages under 35 U.S.C. § 284. Plaintiff is in compliance with the provisions of 35 U.S.C. § 287 at least because it is aware of no unmarked patented articles that were sold by or under Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Nintendo has infringed, either literally and/or under the doctrine of equivalents, the '337 Patent;

b. A judgment and order requiring Nintendo to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Nintendo's infringement of the '337 Patent;

c. A judgment and order requiring Nintendo to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Nintendo to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that Nintendo's infringement of the '337 Patent was willful and ordering Nintendo to pay treble damages under 35 U.S.C. § 284;

   f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Nintendo; and

   g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 31, 2025      Respectfully submitted,

              */s/ Reza Mirzaie*

              Reza Mirzaie (CA SBN 246953)
              rmirzaie@raklaw.com
              Paul A. Kroeger (CA SBN 229074)
              pkroeger@raklaw.com
              Kristopher Davis (CA SBN 329627)
              kdavis@raklaw.com
              Jacob R. Buczko (CA SBN 269408)
              jbuczko@raklaw.com
              Minna Y. Jay (CA SBN 305941)
              mjay@raklaw.com
              Qi Tong (CA SBN 330347)
              ptong@raklaw.com
              Christian W. Conkle (CA SBN 306374)
              cconkle@raklaw.com
              RUSS AUGUST & KABAT
              12424 Wilshire Blvd. 12th Floor
              Los Angeles, CA 90025
              Phone: (310) 826-7474
              Facsimile: (310) 826-6991

              *Attorneys for Plaintiff Resonant Systems, Inc.*
              *d/b/a RevelHMI*