**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RESONANT SYSTEMS, INC., D/B/A REVELHMI,<br><br>            Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD.,<br><br>            Defendant. | Case No.  2:25-cv-00090-JRG |

**DEFENDANT NINTENDO CO., LTD.'S OPPOSED MOTION TO STAY PENDING
*INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   FACTUAL BACKGROUND............................................................................................ 2

   A.   In 2022 and 2023, Resonant sues Samsung, Sony, and Apple. ........................................... 2

   B.   Samsung and Apple file IPRs challenging Resonant patents.  Resonant disclaims claims identical to those in the '337 patent.  The Board issues decisions casting doubt on the '337 patent's validity. ...................................................................................................... 2

   C.   After unfavorable Samsung and Apple IPR decisions, Resonant sues Nintendo and Meta.  Nintendo swiftly moves to join the Apple IPR.  This case remains in its infancy. ............ 3

III.  LEGAL STANDARD........................................................................................................ 4

IV.   ARGUMENT..................................................................................................................... 5

   A.   Factor 1: A stay will not unduly prejudice Resonant.......................................................... 5

   B.   Factor 2: The early stage of this case favors a stay............................................................. 8

   C.   Factor 3: A stay is likely to resolve this litigation entirely or at least significantly streamline it....................................................................................................................... 9

V.    CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
   No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ..........................4, 5, 11

*Clinton v. Jones*,
   520 U.S. 681 (1997)......................................................................................................................4

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) .................................10

*Foras Techs. Ltd. v. Aptiv PLC*,
   No. 2:23-CV-00314-JRG, 2024 WL 5348631 (E.D. Tex. July 25, 2024).................................5

*In re Google LLC*,
   58 F.4th 1379 (Fed. Cir. 2023) ................................................................................................6

*Kirsch Rsch. and Dev., LLC v. Tarco Specialty Prods., Inc.*,
   No. 6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021)................................7

*McKnight v. Blanchard*,
   667 F.2d 477 (5th Cir. 1982) ....................................................................................................8

*Micrografx, LLC v. Google, Inc.*,
   No. 3:13-CV-3595-N, 2014 WL 12580455 (N.D. Tex. July 9, 2014)...............................11, 12

*Netlist, Inc. v. Micron Tech., Inc.*,
   No. 1:22-CV-136-DII, 2024 WL 3035617 (W.D. Tex. June 17, 2024) ..................................9

*Nobots LLC v. Google LLC*,
   No. 1:22-CV-585-RP, 2024 WL 925553 (W.D. Tex. Mar. 4, 2024).........................................6

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)......................................9

*Ravgen, Inc. v. Natera, Inc.*,
   No. 1:20-CV-692-LY, 2022 WL 22869758 (W.D. Tex. May 31, 2022)..................................7

*Resonant Systems, Inc. v. Apple, Inc.*,
   No. 7:23-cv-00077-ADA (W.D. Tex).........................................................................2, 6, 11

*Resonant Systems, Inc. v. Meta Platforms, Inc.*,
   No. 7:25-cv-00035 (W.D. Tex.)........................................................................................4, 11

ii

*Resonant Systems, Inc. v. Samsung Electronics Co., Ltd. et al*,
    No. 2:22-cv-00423-JRG (E.D. Tex) .................................................................................2

*Resonant Systems, Inc. v. Sony Group Corporation et al*,
    No. 2:22-cv-00424-JRG (E.D. Tex) .................................................................................2

*Sonrai Memory Ltd. v. W. Digit. Techs., Inc.*,
    No. 6:21-CV-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022).............................10

*Sys. Stormseal PTY LTD. v. SRS Distrib., Inc.*,
    No. 2:23-CV-00391-JRG, 2024 WL 1995432 (E.D. Tex. May 6, 2024) ................................11

*TC Tech. LLC v. T-Mobile USA, Inc.*,
    No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ..............................9

*Vill. Green Techs., LLC v. Samsung Elecs. Co.*,
    No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ..................................9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)....................................................................................6, 7

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*,
    No. 6:21-CV-00302-ADA, 2022 WL 2078030 (W.D. Tex. June 8, 2022) .....................6, 8, 11

**Statutes**

35 U.S.C. § 316(a)(11)..............................................................................................................3

**Other Authorities**

37 C.F.R. § 42.100(c).................................................................................................................3

## TABLE OF EXHIBITS

| No. | Exhibit Description |
|---|---|
| 1 | Order Granting Joint Motion and Stipulation to Dismiss with Prejudice, *Resonant Systems, Inc., d/b/a RevelHMI v. Sony Group Corporation et al*, No. 2:22-cv-00424-JRG (E.D. Tex), Dkt. 180, dated April 23, 2025 |
| 2 | Corrected Amended Scheduling Order, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 131, dated April 14, 2025 |
| 3 | Docket Control Order, *Resonant Systems, Inc., d/b/a RevelHMI v. Samsung Electronics Co., Ltd. et al*, No. 2:22-cv-00423-JRG (E.D. Tex), Dkt. 92, dated February 6, 2025 |
| 4 | Petition for *Inter Partes* Review of U.S. Patent No. No. 8,860,337, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 2, dated April 12, 2024 |
| 5 | Exhibit 2008, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807 |
| 6 | Petition for *Inter Partes* Review of U.S. Patent No. No. 8,860,337, *Sony Interactive Entertainment Corporation Inc. and Sony Group Corporation v. Resonant Systems, Inc.*, IPR2024-00569, Paper 1, dated February 16, 2024 |
| 7 | Decision Denying Institution of *Inter Partes* Review, *Sony Interactive Entertainment Corporation Inc. and Sony Group Corporation v. Resonant Systems, Inc.*, IPR2024-00569, Paper 9, dated August 26, 2024 |
| 8 | Decision Granting *Inter Partes* Review, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 10, dated April 12, 2024 |
| 9 | Petition for *Inter Partes* Review of U.S. Patent No. No. 9,369,081, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00992, Paper 3, dated June 14, 2023 |
| 10 | Petition for *Inter Partes* Review of U.S. Patent No. No. 9,941,830, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00993, Paper 3, dated June 14, 2023 |
| 11 | Final Written Decision, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00993, Paper 48, dated January 8, 2025 |
| 12 | Comparison between '337 patent claims and '081 patent claims |
| 13 | Comparison between '337 patent claims and '830 patent claims |
| 14 | Nintendo News Release titled "Nintendo Switch launches on 3rd March!", available at https://www.nintendo.com/en-gb/News/2017/January/Nintendo-Switch-launches-on-3rd-March--1173122.html, dated January 13, 2017 |
| 15 | Petition for *Inter Partes* Review of U.S. Patent No. No. 8,860,337, *Nintendo Co., Ltd., et al v. Resonant Systems, Inc.*, IPR2025-00680, Paper 1, dated March 10, 2025 |
| 16 | Petitioners' Motion for Joinder, *Nintendo Co., Ltd., et al v. Resonant Systems, Inc.*, IPR2025-00680, Paper 4, dated March 10, 2025 |
| 17 | Resonant's Opposition to Apple's Motion to Stay Pending Apple's Motion to Transfer Venue, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 55, dated March 6, 2024 |

| 18 | Declaration of Robin Elenga in Support of Resonant's Opposition to Apple's Motion to Transfer Venue, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 44-20, dated February 2, 2024 |
|---|---|
| 19 | iFixit article titled "Nintendo Switch Teardown", available at https://www.ifixit.com/Teardown/Nintendo+Switch+Teardown/78263, dated March 3, 2017 |
| 20 | Exhibit 2015, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00992 |
| 21 | Patent Owner's Response, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 15, dated February 7, 2025 |
| 22 | Apple's Answer and Affirmative Defenses to Resonant's First Amended Complaint, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 24, dated August 28, 2023 |

I.      **INTRODUCTION**

Defendant Nintendo Co., Ltd. ("Nintendo") respectfully moves the Court to stay this case pending the conclusion of the *inter partes* review in *Apple Inc. v. Resonant Systems, Inc.*, IPR2024-00807 ("Apple IPR"). The Apple IPR has already been instituted against both of the only remaining claims of the asserted patent in this case: U.S. Pat. No. 8,860,337 ("the '337 patent"). All three stay factors overwhelmingly favor granting Nintendo's motion.

***First, a stay will not unduly prejudice Plaintiff Resonant Systems, Inc. ("Resonant")***. Resonant is a non-practicing entity, does not compete with Nintendo, and does not seek injunctive relief. Resonant also waited ***over seven years*** to bring this case after the only accused product (the Nintendo Switch) was released. And declining to stay this case would reward Resonant's gamesmanship: the Patent Trial and Appeal Board (the "Board") has already found unpatentable, and Resonant has already disclaimed, claims in related patents materially the same as those asserted here.

***Second, this case is still in its infancy***. Nintendo has not yet responded to the complaint, no contentions have been exchanged, no discovery has occurred, no motions have been filed, and this Court has not held a scheduling conference.

***Finally, a stay is likely to simplify—indeed, eliminate—this case***. The Apple IPR involves the only two claims of the '337 patent that Resonant has not statutorily disclaimed. Thus, if successful, the Apple IPR would resolve any controversy here. And that is likely to happen: the Board's Institution Decision expressly held that each of Apple's ***six grounds*** has a reasonable likelihood of success. In addition, the Apple district court trial, which is scheduled to occur in only a few months—and before the requested stay would conclude—may result in a verdict of invalidity. A final district court judgment of invalidity would also eliminate the controversy here.

Accordingly, the Court should grant Nintendo's motion and stay this case.

## II. FACTUAL BACKGROUND

### A. In 2022 and 2023, Resonant sues Samsung, Sony, and Apple.

Between 2022 and 2023, Resonant sued Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), Sony Group Corporation and Sony Interactive Entertainment, Inc. (collectively, "Sony"), and Apple, Inc. ("Apple") in separate cases alleging infringement of the '337 patent (against Apple and Sony) and other related patents (against Apple, Sony, and Samsung).[1] The '337 patent purports to disclose "various types of linear vibrational modules, including linear-resonant vibrational modules." '337 patent, 1:14-19.

The Samsung and Apple district court cases are proceeding towards trial. The Apple trial is scheduled for August 18, 2025. Ex. 2 (Apple Action, Dkt. 131). The Samsung trial is scheduled for January 26, 2026. Ex. 3 (Samsung Action, Dkt. 92).

### B. Samsung and Apple file IPRs challenging Resonant patents. Resonant disclaims claims virtually identical to those in the '337 patent. The Board issues decisions casting doubt on the '337 patent's validity.

On April 12, 2024, Apple filed a petition for *inter partes* review challenging claims 1-4 of the '337 patent. Ex. 4 (Apple IPR, Paper 2). In response to the Apple IPR petition and a separate petition from Sony,[2] Resonant statutorily disclaimed claims 1, 4, and 5 of the '337 patent. Ex. 5 (Apple IPR, Ex. 2008). As a result of Resonant's statutory disclaimer, ***only claims 2 and 3 of the '337 patent remain***. The Board instituted the Apple IPR for each of these two remaining claims,

---

[1] *Resonant Systems, Inc. v. Samsung Electronics Co., Ltd. et al*, No. 2:22-cv-00423-JRG (E.D. Tex) ("Samsung Action"); *Resonant Systems, Inc. v. Sony Group Corporation et al*, No. 2:22-cv-00424-JRG (E.D. Tex) ("Sony Action"); *Resonant Systems, Inc. v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex) ("Apple Action"). This Court granted the parties' joint motion to dismiss in *Sony Action*. Ex. 1 (Sony Action, Dkt. 180).

[2] The Sony petition was not instituted. Ex. 6 (IPR2024-00569, Paper 1 (Petition)); Ex. 7 (*Id.*, Paper 9 (Decision)).

2

concluding that Apple had shown a reasonable likelihood of success on each of its six asserted grounds. *See* Ex. 8 (Apple IPR, Paper 10 (Institution Decision)) at 7, 48. Notably, the Institution Decision endorsed multiple independently sufficient grounds for both of the '337 patent's remaining claims. *See, e.g.*, *id.* at 31-32, 36, 44-45. The Board's Final Written Decision is expected by October 15, 2025. *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

Separately, Samsung also filed petitions for *inter partes* review challenging U.S. Pat. Nos. 9,369,081 ("the '081 patent") and 9,941,830 ("the '830 patent"), relying on different prior art than in the Apple IPRs. Ex. 9 (IPR2023-00992 ("Samsung '081 IPR"), Paper 3); Ex. 10 (IPR2023-00993 ("Samsung '830 IPR"), Paper 3). The '830 and '081 patents are continuations of the '337 patent with materially identical specifications.

After the Board instituted the Samsung '081 IPR, Resonant statutorily disclaimed claims 15 and 16 of the '081 patent. Ex. 20 (Samsung '081 IPR, Ex. 2015). Claim 15 is materially the same as claim 2 of the '337 patent, and claim 16 is materially the same as claim 3 of the '337 patent. Ex. 12 ('337/'081 Claim Comparison).

Subsequently, the Board issued a Final Written Decision in the Samsung '830 IPR. Ex. 11 (Samsung '830 IPR, Paper 48). Relevant here, the Board found claims 1, 15, 16, and 17 unpatentable over the prior art. Claims 2 and 3 of the '337 patent—which are the only remaining claims of the '337 patent—are materially the same as those that the Board found unpatentable in the Samsung '830 IPR. Ex. 13 ('337/'830 Claim Comparison).

    **C.**    **After unfavorable Samsung and Apple IPR decisions, Resonant sues Nintendo and Meta. Nintendo swiftly moves to join the Apple IPR. This case remains in its infancy.**

On January 31, 2025—*after* the Board instituted the Apple IPR and issued its Final Written Decision in the Samsung IPR, and *after* Resonant had disclaimed claims virtually identical to the remaining claims in the '337 patent—Resonant sued Nintendo alleging infringement of the '337

3

patent. Dkt. 1. Resonant accuses the Nintendo Switch, a gaming console, of infringing. Dkt. 1-2. Resonant brought this case over seven years after it could have; the Nintendo Switch was released on March 3, 2017. *See* Ex. 14 (https://www.nintendo.com/en-gb/News/2017/January/Nintendo-Switch-launches-on-3rd-March--1173122.html). In contrast to Resonant's years-long delay, on March 10, 2025, just 38 days after being sued—and long before its deadline to respond to the Complaint—Nintendo filed a petition for *inter partes* review, substantively identical to Apple's, and moved to join the instituted Apple IPR. Ex. 15 (IPR2025-00680, Paper 1 (Petition)); Ex. 16 (*Id.*, Paper 4 (Motion for Joinder)). Resonant did not oppose Nintendo's joinder motion, which remains pending.

This case remains in its early stages. Nintendo agreed to waive service, which allowed Resonant to avoid the cost and delay associated with service under the Hague Convention. Nintendo's response to the Complaint is not due until June 2, 2025. *See* Dkt. 13. The Court has not yet held a scheduling conference. Likewise, a Docket Control Order has not been issued, nor has a trial date been set. In short, virtually no resources have been expended to date by the Court or the parties.

Resonant sued Meta Platforms, Inc. ("Meta") in the Western District of Texas on the same day that it sued Nintendo, also alleging infringement of only the '337 patent. *See Resonant Systems, Inc. v. Meta Platforms, Inc.*, No. 7:25-cv-00035 (W.D. Tex.) ("Meta Action"). Meta conferred with Resonant to request a stay for reasons similar to those articulated in this Motion.

### III.   LEGAL STANDARD

A district court has the inherent power to manage its docket, including the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *AGIS Software Dev. LLC v. Google LLC*, No.

2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (internal quotation marks and citation omitted). In the case "where the PTAB has instituted IPR proceedings … as to all claims of all asserted patents, this Court has likewise routinely stayed cases" because "the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings." *Id.* (emphasis omitted). Courts "consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Foras Techs. Ltd. v. Aptiv PLC,* No. 2:23-CV-00314-JRG, 2024 WL 5348631, at *1 (E.D. Tex. July 25, 2024) (this Court granting a stay because IPR had been instituted on all asserted claims, the case was in its early stages—"[f]act discovery [had] just begun"—and there was no apparent prejudice to the plaintiff "beyond the delay inherent in the IPR process") (internal quotation marks and citation omitted). *Id.* at *2-3.

### IV. ARGUMENT

All three stay factors overwhelmingly favor staying this case.

#### A. Factor 1: A stay will not unduly prejudice Resonant.

***First, a stay will not unduly prejudice Resonant because it has expended negligible resources on this case to date***. Resonant has invested virtually no time or expense in the present litigation, which is in its earliest stages. Resonant has not served contentions, it has not attended a scheduling conference, and it has not conducted any discovery. Nintendo's deadline to respond to the Complaint is also over one month away, confirming that this case is in its infancy. In contrast, the PTAB is expected to issue a Final Written Decision in Apple's IPR on the two remaining claims of the '337 patent in only a few months. This "known impending PTAB decision

5

contrasted with [an] uncertain distant trial date seriously diminishes any prejudice to [Resonant]." *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*, No. 6:21-CV-00302-ADA, 2022 WL 2078030, at *1-2 (W.D. Tex. June 8, 2022). Simply put, there is no prejudice—much less "undue" prejudice—to Resonant if this action is stayed when it has essentially done nothing but file a Complaint.

***Second, a stay will not unduly prejudice Resonant because it will not suffer any competitive harm in the marketplace***. Resonant has admitted that it stopped creating products years ago. *See* Ex. 17 (Apple Action, Dkt. 55) at 6; Ex. 18 (*id.*, Dkt. 44-20) at ¶¶ 3-4. As a result, Resonant has not alleged, and cannot, allege, that it competes with Nintendo. Thus, Resonant "is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023); *see also Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*, No. 6:15-CV-134-JRG-KNM, 2016 WL 3277258, at *2 (E.D. Tex. June 14, 2016) ("Additionally, [the plaintiff] does not directly compete against [the defendants], and thus, a stay will not cause any undu[e] prejudice."); *Nobots LLC v. Google LLC*, No. 1:22-CV-585-RP, 2024 WL 925553, at *3 (W.D. Tex. Mar. 4, 2024) ("Because [the plaintiff] does not produce products on its patents nor does it compete with [the defendant], a stay will not unduly prejudice [the plaintiff's] interests.").

The absence of any competitive harm is underscored by the fact that the Complaint does not request injunctive relief and Resonant has not sought a preliminary injunction. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that plaintiff's choice not to request preliminary injunction weighed against claim that plaintiff was unduly prejudiced). To the contrary, the Complaint seeks only "ongoing licensing fees,"

6

establishing that money damages are sufficient for any alleged future harm and that Resonant will not be unduly prejudiced by a stay. See, Dkt. 1, Prayer for Relief, subsection (c).

*Third, a stay will not unduly prejudice Resonant because it will not diminish Resonant's monetary damages—the only form of damages at issue in this case.* See *Advanced Mktg. Sys.*, 2016 WL 3277258, at *2 (explaining that "a stay will not cause any [undue] prejudice" when "a stay will not affect the relief sought by [the plaintiff], but will only delay any remedies that it may be entitled to."); *VirtualAgility,* 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [the patent owner] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages."); *Kirsch Rsch. and Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804 at *2 (W.D. Tex. Oct. 4, 2021) ("[T]he weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery.").

*Fourth, Resonant's failure to diligently pursue this case reinforces that it will not be unduly prejudiced by a stay.* The '337 patent was issued on October 14, 2014. The only accused product, the Nintendo Switch, was released on March 3, 2017. Ex. 14. The publicly available article which Resonant's infringement allegations are largely based on was published on the same day. *See* Dkt. 1-1 (citing Ex. 19 (iFixit article)). Thus, Resonant filed this case over *seven years* after it could have. Resonant's own delay contradicts any notion that it will be unduly prejudiced by a stay. *See Ravgen, Inc. v. Natera, Inc.*, No. 1:20-CV-692-LY, 2022 WL 22869758, at *2 (W.D. Tex. May 31, 2022) ("The court is unpersuaded by Plaintiff's argument that a stay would constitute undue prejudice [because] Plaintiffs did not file suit against Defendants for more than seven years after the accused products at issue were first launched.").

7

***Fifth, Resonant's gamesmanship supports the grant of a stay.*** If a stay presents a clear tactical disadvantage to the nonmoving party, that weighs against the grant of a stay. But the situation here is the reverse: Resonant's gamesmanship is the only reason why this case exists, and declining to stay would reward that gamesmanship. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it … in the interests of justice."). Resonant has pursued a strategy of obtaining near-identical claims in multiple related patents and asserting those claims even after patentably indistinct claims were found unpatentable or disclaimed in other cases. As illustrated in Exhibit 12 to this Motion, Resonant avoided a Final Written Decision on claims that were materially the same as those at issue here by statutorily disclaiming them after the Board instituted review of those claims. *See* Ex. 20 (Samsung '081 IPR, Ex. 2015). And, as illustrated in Exhibit 13, the Board has already found that claims with limitations materially the same as those in the '337 patent are unpatentable. *See* Ex. 11 (Samsung '830 IPR, Paper 48). Both of these events occurred **before** Resonant sued Nintendo. Resonant's decision to delay filing suit against Nintendo for over seven years on claims patentably indistinct from those that Resonant was unwilling to defend in one IPR—and that were found unpatentable by the Board in another IPR—confirms that a stay is warranted and would not be unduly prejudicial.

Accordingly, this factor strongly weighs in favor of a stay.

**B.     Factor 2: The early stage of this case favors a stay.**

This Court has not spent a meaningful amount of time or effort on this case. Aside from issuing a Summons, the only Court action in this case has been to set a scheduling conference—which has not yet been conducted. Accordingly, because "[l]ittle-to-no judicial resources have been expended on this case…. [t]his factor favors granting the stay." *Xylon*, 2022 WL 2078030, at *2-3 (granting a stay where the case was still in the pleading stage, and no date for a Markman

hearing or trial date had been entered); *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:22-CV-136-DII, 2024 WL 3035617 (W.D. Tex. June 17, 2024) (explaining that because the court had not yet issued a scheduling order or set a trial date, lifting a stay would "likely duplicate the work" of other tribunals already reviewing the same asserted patent). As explained above, the parties have also expended virtually no resources on the case to date, further warranting a stay. *See Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2-3 (E.D. Tex. Oct. 8, 2014) (holding that a case "need not be in its infancy to warrant a stay" and granting a stay where "the parties had not engaged in any substantive discovery").

This factor also weighs heavily in favor of a stay.

### C.   Factor 3: A stay is likely to resolve this litigation entirely or at least significantly streamline it.

"[T]he most important factor bearing on whether to grant a stay in [a] case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023) (citation omitted). Indeed, "Congress's purpose in creating an *inter partes* review procedure … was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration[.]" *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021) (internal quotation marks and citations omitted). Here, this factor overwhelmingly supports a stay.

***The Apple IPR will likely resolve this entire action.*** A stay will simplify the issues in this case because the Apple IPR involves **all remaining claims** of the '337 patent, the only asserted patent in this case. *See Vill. Green Techs.*, 2023 WL 416419, at *3 (granting a stay because "should the IPRs result in the cancelation of some or all of the asserted claims, either some portion of the

9

litigation will fall away, or the litigation will come to an end altogether" (internal quotation marks and citations omitted)).

Moreover, it is likely that the Board will invalidate both remaining claims of the '337 patent. In granting institution of the Apple IPR, the Board expressly credited ***all six*** asserted grounds of unpatentability. What's more, the limitations that Resonant contests in its Patent Owner Response to Apple's IPR petition are separately disclosed by multiple grounds; even under Resonant's framing of the issues, it would need to reverse the Board's institution-stage determination on ***three*** distinct and independently sufficient grounds (Grounds 1, 2, and 3A) in order to prevail. Ex. 21 (Apple IPR, Paper 15 (Patent Owner's Response)) at 15-27. Accordingly, "given that *inter partes* review has been instituted on all claims of the ['337 patent] and on multiple grounds, the likelihood of simplification of issues is material." *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *5 (E.D. Tex. Feb. 2, 2023) (emphasis omitted); *see also Sonrai Memory Ltd. v. W. Digit. Techs., Inc.*, No. 6:21-CV-01168-ADA, 2022 WL 3108818, at *5 (W.D. Tex. Aug. 4, 2022) ("The Court finds that, given the number of grounds the PTAB instituted IPR upon for each of the asserted claims, there is a good chance the PTAB will find the asserted claims unpatentable.").

***Nintendo's motion to join the Apple IPR further illustrates Nintendo's good-faith efforts to bind itself to the outcome of that proceeding and simplify the issues in this case.*** Nintendo moved to join the Apple IPR just 38 days after Resonant filed its Complaint. Ex. 16 (IPR2025-00680, Paper 4 (Motion for Joinder)). Resonant has not opposed joinder. If Nintendo's motion is granted, Nintendo will be bound by IPR estoppel when the Apple IPR results in a Final Written Decision. If Nintendo's joinder motion is denied, Nintendo may nevertheless still be bound by IPR estoppel because Nintendo's petition may be instituted in a stand-alone IPR. The remote

10

possibility that the Board might deny Nintendo's petition and its motion does little to affect the stay analysis here, given the overwhelming evidence that all claims from the '337 patent will likely be found invalid and resolve this case. *See, e.g.*, *AGIS*, 2021 WL 465424, at *2-3 (granting stay despite defendant not stipulating to IPR estoppel); *Xylon*, 2022 WL 2078030, at *2-4 (same).

*The Apple's district court action, which will be tried before the Apple IPR Final Written Decision issues, may also resolve this entire action.* The Apple Action, which also involves the '337 patent, is scheduled for trial on August 18, 2025—before the deadline for the Board's Final Written Decision in the Apple IPR. Apple has asserted an invalidity defense in that case. *See* Ex. 22 (Apple Action, Dkt. 24 (Answer)). A final judgment of invalidity on one or both of the '337 patent claims would also materially simplify, or outright resolve, this action. Accordingly, the impending Apple jury trial further establishes that a stay may simplify or resolve this case. *See Sys. Stormseal PTY LTD. v. SRS Distrib., Inc.,* No. 2:23-CV-00391-JRG, 2024 WL 1995432, at *6 (E.D. Tex. May 6, 2024) (finding that a stay will "likely simplify this case" where a concurrent litigation was "much closer to trial than this case").

*The similarly situated Meta Action means that a stay presents an even greater opportunity for issue simplification or elimination.* A stay here presents an especially strong case for simplification because Meta has conferred with Resonant to request a stay in its case against Resonant in the Western District of Texas. Resonant's suit against Meta was filed on the same day as its suit against Nintendo, involves the same asserted patent, and would be simplified by a stay for most, if not all, of the same reasons as articulated in this Motion. Thus, "[n]ot only will a ruling from the PTO simplify issues in this case, but it will [simplify] issues in a related case as well." *Micrografx, LLC v. Google, Inc.*, No. 3:13-CV-3595-N, 2014 WL 12580455, at *2 (N.D.

11

Tex. July 9, 2014). In contrast, "if the Court continued without a stay and the PTO accepted the petitions, the unnecessary expenditures associated with litigation would be twofold." *Id*.

## V. CONCLUSION

For the foregoing reasons, Nintendo respectfully requests that the Court stay this case in its entirety pending resolution of the Apple IPR.

Dated: May 7, 2025

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
(Texas State Bar No. 00789886)
**FINDLAY CRAFT, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
efindlay@findlaycraft.com


Jason Lang (CA SBN 255642)
Jared Bobrow (CA SBN 133712)
Parth Sagdeo (CA SBN 325269)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel: (650) 614-7400
Fax: (650) 614-7401
jlang@orrick.com
jbobrow@orrick.com
psagdeo@orrick.com

*Attorneys for Defendant Nintendo Co., Ltd.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 29, 2025, counsel for the Plaintiff and counsel for the Defendant engaged in a meet and confer pursuant to Local Rule CV-7(h). Plaintiff's counsel indicated that Resonant will oppose. As such, this issue has come to an impasse requiring the Court's intervention.

>  */s/ Jason Lang*
>  Jason Lang

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2025, I electronically filed the foregoing **DEFENDANT'S OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

>  */s/ Eric H. Findlay*
>  Eric H. Findlay