UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., D/B/A REVELHMI,<br><br>Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD.,<br><br>Defendant. | Case No. 2:25-cv-00090-JRG |

**NINTENDO CO. LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING** *INTER PARTES* **REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

   A. Factor 1: Resonant Has Not Identified Any Undue Prejudice From A Stay ....................... 2

   B. Factor 2: It is undisputed that the early stage of this case weighs heavily in favor of a stay. .................................................................................................................................. 4

   C. Factor 3: Resonant does not rebut the likelihood that the Apple IPR will hold both asserted claims unpatentable. ............................................................................................ 4

III. CONCLUSION ..................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:22-CV-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024) ............................. 2, 4

*Townsend v. Jemison*,
   48 U.S. 706 (1849) ............................................................................................................ 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ...................................................................................... 3, 4

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*,
   No. 6:21-CV-00302-ADA, 2022 WL 2078030 (W.D. Tex. June 8, 2022) ........................... 2

**Statutes**

35 U.S.C. § 315(e) ....................................................................................................................... 5

## TABLE OF EXHIBITS

| No. | Exhibit Description |
|---|---|
| 1 | Order Granting Joint Motion and Stipulation to Dismiss with Prejudice, *Resonant Systems, Inc., d/b/a RevelHMI v. Sony Group Corporation et al*, No. 2:22-cv-00424-JRG (E.D. Tex), Dkt. 180, dated April 23, 2025 |
| 2 | Corrected Amended Scheduling Order, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 131, dated April 14, 2025 |
| 3 | Docket Control Order, *Resonant Systems, Inc., d/b/a RevelHMI v. Samsung Electronics Co., Ltd. et al*, No. 2:22-cv-00423-JRG (E.D. Tex), Dkt. 92, dated February 6, 2025 |
| 4 | Petition for *Inter Partes* Review of U.S. Patent No. 8,860,337, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 2, dated April 12, 2024 |
| 5 | Exhibit 2008, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807 |
| 6 | Petition for *Inter Partes* Review of U.S. Patent No. 8,860,337, *Sony Interactive Entertainment Corporation Inc. and Sony Group Corporation v. Resonant Systems, Inc.*, IPR2024-00569, Paper 1, dated February 16, 2024 |
| 7 | Decision Denying Institution of *Inter Partes* Review, *Sony Interactive Entertainment Corporation Inc. and Sony Group Corporation v. Resonant Systems, Inc.*, IPR2024-00569, Paper 9, dated August 26, 2024 |
| 8 | Decision Granting *Inter Partes* Review, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 10, dated April 12, 2024 |
| 9 | Petition for *Inter Partes* Review of U.S. Patent No. 9,369,081, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00992, Paper 3, dated June 14, 2023 |
| 10 | Petition for *Inter Partes* Review of U.S. Patent No. 9,941,830, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00993, Paper 3, dated June 14, 2023 |
| 11 | Final Written Decision, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00993, Paper 48, dated January 8, 2025 |
| 12 | Comparison between '337 patent claims and '081 patent claims |
| 13 | Comparison between '337 patent claims and '830 patent claims |
| 14 | Nintendo News Release titled "Nintendo Switch launches on 3rd March!", available at https://www.nintendo.com/en-gb/News/2017/January/Nintendo-Switch-launches-on-3rd-March--1173122.html, dated January 13, 2017 |
| 15 | Petition for *Inter Partes* Review of U.S. Patent No. 8,860,337, *Nintendo Co., Ltd., et al v. Resonant Systems, Inc.*, IPR2025-00680, Paper 1, dated March 10, 2025 |
| 16 | Petitioners' Motion for Joinder, *Nintendo Co., Ltd., et al v. Resonant Systems, Inc.*, IPR2025-00680, Paper 4, dated March 10, 2025 |
| 17 | Resonant's Opposition to Apple's Motion to Stay Pending Apple's Motion to Transfer Venue, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 55, dated March 6, 2024 |
| 18 | Declaration of Robin Elenga in Support of Resonant's Opposition to Apple's Motion to Transfer Venue, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 44-20, dated February 2, 2024 |
| 19 | iFixit article titled "Nintendo Switch Teardown", available at https://www.ifixit.com/Teardown/Nintendo+Switch+Teardown/78263, dated March 3, 2017 |

| No. | Exhibit Description |
|-----|---------------------|
| 20 | Exhibit 2015, *Samsung Electronics Co., Ltd. et al v. Resonant Systems, Inc.*, IPR2023-00992 |
| 21 | Patent Owner's Response, *Apple, Inc. v. Resonant Systems, Inc.*, IPR2024-00807, Paper 15, dated February 7, 2025 |
| 22 | Apple's Answer and Affirmative Defenses to Resonant's First Amended Complaint, *Resonant Systems, Inc., d/b/a RevelHMI v. Apple, Inc.*, No. 7:23-cv-00077-ADA (W.D. Tex), Dkt. 24, dated August 28, 2023 |
| 23 | Email chain including Joshua Scheufler, counsel for Resonant, and Jason Lang, Parth Sagdeo, Jared Bobrow and Eric Findlay, counsel for Nintendo, regarding Preliminary Contentions Deadline, dated May 8-12, 2025 |

**I.      INTRODUCTION**

Resonant's opposition all but confirms that a stay is appropriate in this case.

***First***, Resonant does not dispute facts demonstrating that a stay would not unduly prejudice it. Resonant does not dispute that it has expended negligible resources on this case to date. That lack of prejudice is underscored by Resonant's request, after Nintendo moved to stay, for a 45-day extension to serve its infringement contentions. Resonant also does not dispute that it does not practice the patent-in-suit, has not sought injunctive relief, and that the monetary relief that it seeks can be provided in full after a stay. And Resonant does not dispute that it could have sued Nintendo seven years earlier. In contrast to Resonant's years of delay, the Board's Final Written Decision ("FWD") deadline is in October 2025, five months away. Tellingly, Resonant has neither distinguished the cases cited in the Motion granting a stay, nor cited a single case denying a stay, in the circumstances here.

The lack of prejudice is further underscored by Resonant's failure to refute the blatant gamesmanship underlying its suit. Resonant has not even attempted to identify ***any*** material difference between the claims asserted here and those that Resonant disclaimed and the Board held unpatentable in other related patents. Resonant's unfair practice of forcing defendants to play whack-a-mole on claims that—it does not dispute—are materially identical to claims held unpatentable negates any prejudice that Resonant might allege in connection with a stay. Resonant may not complain of prejudice from a situation of its own making.

***Second***, Resonant does not dispute that the stage of this case weighs heavily in favor of a stay. As Resonant implicitly acknowledges, at the time Nintendo moved for a stay (which is when the stage-of-the-case factor should be assessed) there had been no Court action besides the setting of a scheduling conference (which had not taken place), and no substantive party filings besides the filing of the Complaint itself.

***Third***, Resonant has not rebutted that a stay would likely simplify the issues in this case. Although Resonant suggests that the case will go forward if "any" claim survives, Resonant's Patent Owner Response only provides arguments for independent claim 2. Thus, both of the '337 patent's two remaining claims will rise or fall together. And it is likely that they will fall; as Resonant does not dispute, it would need to reverse the Board's express institution-stage determinations on ***three*** different and independently sufficient grounds in order to succeed. Resonant's contention that Nintendo will not be subject to IPR estoppel is mistaken and, in any event, moot in light of Nintendo's stipulation to estoppel based on the Apple IPR. This Court has routinely found the issue-simplification factor to strongly favor a stay in circumstances like these.

## II.   ARGUMENT

### A.   Factor 1: Resonant Has Not Identified Any Undue Prejudice From A Stay

***First***, Resonant does not dispute that it has expended negligible resources on this case.[1] Mot. 5. Indeed, Resonant's recent request for an additional 45 days to serve infringement contentions further highlights the lack of urgency with which it is treating this case. Ex. 23.

***Second***, Resonant does not dispute that a stay will not cause it to suffer any competitive harm in the marketplace, that it has not sought injunctive relief, and that it can be adequately compensated by money damages. Mot. 6-7. The cases on which *Resonant* relies (*Sony*, *Headwater*, and *Chrimar*) are far afield and involved cases that—unlike this case—had progressed substantially before the relevant IPR was instituted with the FWD deadlines months after the scheduled jury trial date. Opp. 2. In contrast, the due date for the FWD in this case is in a few

---

[1] Resonant's assertion that the stage of litigation is irrelevant to this factor is incorrect, as demonstrated by the numerous cases cited in the Motion showing that staying an early-stage case imposes minimal prejudice on a plaintiff. *E.g.*, Mot. 5-6 (citing *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*, No. 6:21-CV-00302-ADA, 2022 WL 2078030, at *1-2 (W.D. Tex. June 8, 2022)).

months—long before any trial could occur.

***Third***, Resonant does not dispute that it waited seven years after the patent-in-suit issued to sue Nintendo. This "weighs against [Resonant's] claim[] that it will be unduly prejudiced by a stay." *VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1319 (Fed. Cir. 2014); Mot. 7.

***Fourth***, Resonant has not refuted the blatant gamesmanship underlying its suit. Nintendo's motion included side-by-side comparisons showing that both asserted claims in this case are materially identical to claims that were statutorily disclaimed by Resonant in response to the Samsung '081 IPR, and were held unpatentable by the Board in the Samsung '830 IPR. Mot. 8. Resonant offers nothing more than the boilerplate assertion that every patent covers a distinct invention. But Resonant has not even attempted to identify ***a single material difference*** between the claims asserted here and those already disclaimed and held unpatentable. A stay would certainly be warranted if Resonant sued a new defendant on a claim that the Board had already held unpatentable, even if the Board decision was on appeal. And that is the effect of what Resonant has done here. Resonant's unfair practice of forcing defendants to play whack-a-mole on claims that—it does not dispute—are materially identical to claims already held unpatentable negates any prejudice that Resonant alleges in connection with a stay. Resonant's attempt to take advantage of this behavior contravenes the fundamental principle that "a party cannot be allowed to take advantage of his own wrong." *Townsend v. Jemison*, 48 U.S. 706, 718 (1849).

Resonant's remaining attempts to manufacture prejudice are without basis. Resonant's analogy to *Sony* falls flat because there the defendant did not petition for IPR until ***10 months*** after service of the Complaint (in contrast, Nintendo took ***four days***),[2] and the FWD was not due until months after the jury trial there (here, the FWD is due in five months and a trial date of Nov. 2,

---

[2] Nintendo voluntarily agreed to waive service on March 6, 2025. Dkt. 13. It filed its IPR petition and motion for joinder on March 10, 2025. Ex. 15.

3

2026 was just given to counsel during the Scheduling Conference, *see* Dkt. 29). Resonant's assertion that the Board might extend the time to issue a FWD based on joinder is: (1) inconsistent with Resonant's issue-simplification-factor arguments, which assume that Nintendo will ***not*** be joined; (2) baseless because Nintendo seeks a "silent understudy" role that will not change the IPR schedule, Ex. 16, at 1; and (3) Resonant's baseless April 2026 FWD date, even if accepted, would still be multiple months before the trial date in this case.

Resonant "has not identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages. Such, on its own, is not enough to show ***undue*** prejudice." *Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023, at *4 (E.D. Tex. Mar. 8, 2024) (emphasis in original).

### B. Factor 2: It is undisputed that the early stage of this case weighs heavily in favor of a stay.

Resonant admits that the Motion was filed when the case was in its "early stages."[3] Opp. 4. This factor heavily favors a stay. Mot. 8-9.

### C. Factor 3: Resonant does not rebut the likelihood that the Apple IPR will hold both asserted claims unpatentable.

Resonant's opposition confirms the high likelihood that the Apple IPR will entirely resolve this case.[4] Although Resonant suggests that the case will go forward if "any" claim survives (Opp. 5), Resonant's Patent Owner Response only provides arguments for independent claim 2. Ex. 21. Thus, both of the '337 patent's two remaining claims will rise or fall together. And it is likely that

---

[3] The stage-of-litigation factor is assessed at the time the stay motion was filed. *VirtualAgility,* 759 F.3d at 1317.

[4] Resonant's assertion that the Samsung '830 IPR used different art than the Apple IPR misses the mark. Nintendo does not argue that the result of the Samsung '830 IPR informs the result of the Apple IPR. Indeed, Nintendo discussed these IPRs in the prejudice factor, not the issue-simplification factor. That is because the results of the Samsung IPRs illustrate Resonant's abusive practice of asserting materially identical claims against different defendants to obtain an unfair tactical advantage.

they will fall; as Resonant does not dispute, the Board expressly credited all *six* of the Petition's grounds and Resonant's Patent Owner Response would need to reverse the Board's express institution-stage determinations on *three* independently sufficient grounds to succeed.[5] Mot. 9-10. These facts, and the infancy of this case, distinguish it from the *Lionra*, *Netlist*, and *Kirsch* cases on which Resonant relies. Opp. 12. This case is analogous to the *Communication Technologies* and *Sonrai* cases, which Resonant does not attempt to distinguish, and which granted a stay where (as here) the Institution Decision credited multiple grounds. Mot. 10.

Resonant's arguments pertaining to issue simplification in the event that the claims survive the Apple IPR are meritless. *First*, these arguments should be discounted because the claims are very unlikely to survive that IPR. *Second*, Nintendo will be bound by IPR estoppel from its own petitions,[6] if instituted, even if not joined to the Apple IPR. *Third*, Nintendo hereby stipulates to IPR estoppel in connection with the Apple IPR: if the Board issues a FWD after a contested proceeding, Nintendo will not "assert … in a civil action … that [any claim of the '337 patent] is invalid on any ground that [Apple] raised or reasonably could have raised during [its] inter partes review." 35 U.S.C. § 315(e). This stipulation moots Resonant's objection that "Nintendo has not agreed to be bound by IPR estoppel in the event that its [joinder] request is denied," and distinguishes this case from the *Realtime* case on which Resonant relies. Opp. 5.

### III.     CONCLUSION

The Court should grant Nintendo's motion and stay this case.

---

[5] Resonant's assertion that the Institution Decision must address all grounds of unpatentability is misguided because (1) the Board is not required to *agree* with the Petitioner on all grounds, as it did here; and (2) Resonant's Patent Owner Response demonstrates that it can only prevail if it reverses the Board's institution-stage determination on three distinct grounds. Ex. 21.

[6] Nintendo's copycat IPR petition notes that it intends to file a second IPR. Ex. 16 at 14. Pursuant to PTAB rules, Nintendo will then submit a ranking document, assisting the Board—even if it denies joinder—in considering which Nintendo IPRs to institute.

Dated: May 29, 2025                                       Respectfully submitted,

                                                          */s/ Jason Lang*
Eric H. Findlay                                           Jason Lang (CA SBN 255642)
**FINDLAY CRAFT, P.C.**                                   Jared Bobrow (CA SBN 133712)
7270 Crosswater Avenue                                    Parth Sagdeo (CA SBN 325269)
Tyler, Texas 75703                                        **ORRICK, HERRINGTON & SUTCLIFFE LLP**
Tel: (903) 534-1100                                       1000 Marsh Road
efindlay@findlaycraft.com                                 Menlo Park, CA  94025-1015
                                                          Tel: (650) 614-7400
                                                          Fax: (650) 614-7401
                                                          jlang@orrick.com
                                                          jbobrow@orrick.com
                                                          psagdeo@orrick.com

                                                          *Attorneys for Defendant Nintendo Co., Ltd.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I electronically filed the foregoing **NINTENDO CO. LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Gabrielle Van Vleck*
Gabrielle Van Vleck