# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| RESONANT SYSTEMS, INC. d/b/a REVELHMI, § § § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 2:25-CV-90-JRG | |
| § § | | |
| NINTENDO CO., LTD., § § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay Pending *Inter Partes* Review (Dkt. No. 18) filed by Defendant Nintendo Co., Ltd. In the Motion, Defendant asks the Court to stay the above-captioned case pending *inter partes* review ("IPR") of "both of the only remaining claims of the asserted patent in this case": U.S. Patent No. 8,860,337 ("the '337 Patent"). (*Id.* at 1).

### I.     Background

The '337 Patent is directed to "improvements in haptic feedback devices" such as video-game controllers. (*See* Dkt. No. 1, at 1, 3). In this lawsuit, which was filed on January 31, 2025, Plaintiff alleges that Defendant's product, the Nintendo Switch, infringes the '337 Patent. (*Id.* at 3). Defendant released the Nintendo Switch for public sale on March 3, 2017. (*Id.* at 4).

Plaintiff has asserted the '337 Patent against a litany of defendants. (Dkt. No. 18, at 2). In response to one such action, Apple, Inc. filed an IPR petition challenging Claims 1, 2, 3, and 4 of the '337 Patent. (*Id.*). The PTAB instituted IPR on those Claims on October 15, 2024. (Dkt. No. 18-9, at 2). The PTAB's final written decision is expected to issue by October 15, 2025.

On March 10, 2025, Defendant filed its own IPR petition, which it represents is "substantively identical to Apple's." (Dkt. No. 18, at 4). It also moved to join Apple's instituted

IPR.  (*Id.*).  Defendant has agreed to be bound not only by its own IPR arguments but also by Apple's.  (Dkt. No. 30, at 5 (citing 35 U.S.C. § 315(e))).

This case is set for jury selection and trial on November 2, 2026.  (Dkt. No. 41).  Plaintiff has disclaimed Claims 1, 4, and 5 of the '337 Patent.  (Dkt. No. 18, at 2).  As a result, only Claims 2 and 3 of the '337 Patent remain at issue.

## II.     Legal Standard

District courts have the inherent power to control their own docket, including the power to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).  "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."  *Id.*

"A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.  *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (internal quotation marks omitted).  When "the PTAB has instituted IPR proceedings . . . as to all claims of all asserted patents, this Court . . . routinely stay[s] cases" because "the claims

may potentially be modified, dropped, or canceled in light of such parallel proceedings" and those claims are not presently "ready to move forward toward trial." *Id.*

Defendant "bears the burden of showing that [the stay it seeks] is appropriate." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-cv-961-RWS-JDL, 2017 WL 772654, at *2 (citing *Landis*, 299 U.S. at 255).

### III. Analysis

The Court addresses each factor in turn.

#### A. Issue Simplification

The Court concludes that the issue-simplification factor weighs in favor of issuing a stay. As noted above, the PTAB has instituted IPR on the two remaining claims of the '337 Patent, and its final written decision is expected to issue by October 15, 2025—more than a year before this case's trial setting. "Given that *inter partes* review ha[s] been instituted on all Asserted Claims of [the] Asserted Patent[] on multiple grounds, there is a material likelihood of simplification of the issues in this case." *Resonant Systems, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-423-JRG, 2024 WL 1021023, at *3 (E.D. Tex. Mar. 8, 2024). "If the PTAB were to find some or all of the claims under review to be valid, Defendant[] would be estopped from asserting invalidity defenses on any grounds they raised or reasonably could have raised during *inter partes* review."[1] *Id.* Likewise, "the cancellation of some or all of the claims could result in simplification of issues in this case" because it would decrease the number of claims to be tried by the jury. *Id.*

Plaintiff's primary rejoinder is that these simplification-of-the-issues arguments are speculative. The law requires only that the "stay will *likely* result in simplifying the case before the court." *NFC Tech. LLC*, 2015 WL 1069111, at *2. Given that the PTAB is expected to issue

---

[1] Importantly, as noted above, Defendant has agreed to be estopped from arguing that any claim of the '337 Patent is invalid on any ground that *Apple* raised or reasonably could have raised in *its* IPR. (Dkt. No. 30, at 5).

3

its final written decision more than a year before this case goes to trial, and given that Defendant has stipulated to be bound by Apple's arguments in that IPR, it is *likely* that the PTAB's decision will simply the issues in this case. Accordingly, the Court finds that this factor weighs in favor of granting a stay.

### B. Stage of Litigation

Defendant, in the Court's view, has been adequately prompt and diligent in this case to warrant a stay. Too often, Defendants use the IPR process strategically and delay seeking it such that the PTAB's decision will not issue until the Court and parties have spent many hours and significant resources that could have been saved if the Defendants had acted more promptly. The fact that this Defendant has been prompt supports this Motion in a material way. In fact, Defendant filed its IPR petition just thirty-eight days after Plaintiff filed suit. The parties had not yet invested resources into the discovery process, nor had the Court yet invested resources into claim construction. *See Maxeon Solar Pte. Ltd. v. Canadian Solar Inc.*, No. 2:24-cv-210-JRG, 2025 WL 1811321, at *2.

Given these particular circumstances, the Court is "persuaded that the benefits of a stay outweigh the costs of postponing resolution in this particular case" because "the patent claims have not yet been construed by the Court, and discovery is not yet complete." *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-CV-527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018); *see also Communication Technologies, Inc. v. Samsung Electronics America, Inc.*, No. 2:21-CV-444-JRG, 2023 WL 1478447, at *3 (E.D. Tex. Feb. 2, 2023) ("with the close of discovery, the claim construction hearing, and the trial setting all in the future, the Court concludes that this factor weighs in favor of a stay"). Accordingly, the Court finds that this factor weighs in favor of a stay.

4

### C. Prejudice

Finally, the Court finds that Plaintiff would not be unduly prejudiced by the issuance of a stay. "The Court is not tasked with simply finding prejudice but with determining on a case-by-case basis whether that prejudice is undue." *Maxeon Solar*, 2025 WL 1811321, at *2. As Plaintiff correctly notes, "[a]ll parties have an interest in the timely vindication of their patent rights, regardless of their practicing status." *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-cv-103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024). While Plaintiff is correct that the PTAB's final written decision might not issue until April 2026 (Dkt. No. 21, at 3 (citing 35 U.S.C. § 316(a)(11))). Such does not rise to the level of undue prejudice here.

Granting a stay almost always creates some prejudice toward a plaintiff who seeks the prompt resolution of its claims, and to that extent, prejudice is inevitable whenever a case is stayed. However, as noted above, the Court is charged with deciding whether that prejudice is undue. Plaintiff has not made a compelling case that the prejudice it fears would be undue. This factor weighs in favor of issuing a stay.

### IV. Conclusion

Having considered the above-described factors and the specific facts of this case, the Court finds that the issuance of a stay is warranted and that Defendant's Motion should be and hereby is **GRANTED**.[2] Accordingly, it is **ORDERED** that the above-captioned case is **STAYED** pending resolution of the PTAB's *inter partes* review concerning the '337 Patent.

The Parties are **ORDERED** to file a joint status report within ten (10) days after the PTAB issues its ruling on any of the claims at issue from the Asserted Patent. Counsel shall also deliver

---

[2] The Court notes that a proper analysis regarding a requested stay is a highly fact-intensive exercise and that the facts considered (in their totality) vary widely from case to case. Accordingly, parties are ill advised to see trends and patterns here that might prevail in future cases under dissimilar facts and involving disparate conduct.

a courtesy copy of such reports to the Court's chambers at the Sam B. Hall, Jr. Federal Building and United States Courthouse, 100 E. Houston St. Marshall, TX 75670.

**So ORDERED and SIGNED this 24th day of July, 2025.**

```
                            _____
                            RODNEY GILSTRAP
                            UNITED STATES DISTRICT JUDGE
```